Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SAMUEL SILVA RAMÍREZ<br><br>Peticionario<br><br>V.<br><br>LUIS DANIEL SILVA RAMÍREZ<br><br>Recurrido | KLCE202400215 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV09112<br><br>Sobre: Impugnación o Nulidad de Testamento |

Panel integrado por su presidenta; la Juez Lebrón Nieves, Jueza Santiago Calderón y el Juez Rodríguez Flores[1]

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de abril de 2024.

El 21 de febrero de 2024, compareció por derecho propio, ante este Tribunal de Apelaciones, el peticionario Samuel D. Silva Ramírez (en adelante, señor Silva Ramírez o parte peticionaria), mediante recurso de *Certiorari,* en el que recurre de la *Resolución* emitida y notificada el 6 de febrero de 2024, por el Tribunal de primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo,* consignó que en el caso ante su consideración no autorizó la comparecencia por derecho propio a la parte demandante.

Por los fundamentos que adelante se esbozan, se desestima el recurso de epígrafe por falta de jurisdicción por tardío.

### I

El 26 de septiembre de 2023, el señor Silva Ramírez presentó una demanda sobre revocación de testamento[2]. En su demanda, la

---

[1] Conforme a la Orden Administrativa Número OATA.2024-035, emitida el 14 de marzo de 2024, en sustitución de la Juez Barresi Ramos se designó al Juez Rodríguez Flores.
[2] Entrada Núm. 1 de SUMAC.

Número Identificador

RES2024 _____

parte peticionaria manifestó ser hijo de la señora Susana Ramírez Sánchez[3] y del señor Luis D. Silva Monge[4], y hermano de los señores Luis D. Silva Ramírez (en adelante, parte recurrida) y Abraham Silva Ramírez. Indicó que, para el 16 de marzo de 2006, tanto la señora Ramírez Sánchez como el señor Silva Monge otorgaron sus respectivos testamentos. El señor Silva Ramírez sostuvo que, posteriormente para el 2011, alegadamente, la señora Ramírez Sánchez otorgó un nuevo testamento. A estos efectos, la parte peticionaria alegó que, el testamento era ineficaz debido a que, este surgía de fraude mediante dolo e intimidación y falsificación. Añadió que, existía falta de capacidad del otorgante, en la medida en que la señora Ramírez Sánchez, se encontraba incapacitada por Alzheimer al momento del otorgamiento del testamento y que no surgía certificación médica alguna que certificara su capacidad en tal momento. En cuanto al alegado fraude y dolo, adujo que, el señor Luis D. Silva Ramírez, "indujo de manera ilegal e impropia a su madre, Doña Susana Ramírez Sánchez, a otorgar un segundo testamento que lo beneficiaba". Sostuvo, además que, debido al alegado fraude y dolo en el otorgamiento del segundo testamento, el señor Luis D. Silva Ramírez debía ser declarado indigno de heredar. Expresó, además, que, el 13 de septiembre de 2023, el señor Luis D. Silva Ramírez, por conducto de su representante legal solicitó la expedición *ex parte* de cartas testamentarias en el caso SJU2023CV086644 y que, luego de que el Tribunal de Primera Instancia las examinara, mediante *Resolución* emitida el 14 de septiembre de 2023, las expidió. Finalmente, le solicitó al foro primario que anulara el segundo testamento otorgado el 9 de septiembre de 2011.

---

[3] Fallecida el 16 de abril de 2022.
[4] Fallecido el 8 de abril de 2010.

Posteriormente, el señor Luis D. Silva Ramírez presentó la *Moción Solicitando la Desestimación de la Demanda al Amparo de la Regla 6.3 (P) de Procedimiento Civil (Cosa Juzgada)[5]*. Mediante su moción, arguyó que, las alegaciones traídas por la parte peticionaria en su demanda, fueron dilucidadas en el caso KAC-2017-CV-0163, donde se llegó un acuerdo transaccional con fecha de 19 de septiembre de 2023 con las mismas partes. Indicó, además, que, como parte del acuerdo transaccional, también fue transigido el pleito KAC-2022-CV-05579 donde el señor Silva Ramírez también había solicitado que se anulara el testamento suscrito por la señora Ramírez Sánchez. Conforme a lo anterior, le solicitó al foro de primera instancia que desestimara la demanda por cosa juzgada.

El 18 de octubre de 2023, el Tribunal de Primera Instancia emitió la *Orden de Mostrar Causa[6]*. Por medio de esta le ordenó al señor Silva Ramírez que, en el término de 15 días, mostrara causa por la cual no se le debía ordenar comparecer por conducto de representación legal durante los procedimientos del caso de epígrafe. Le apercibió, además, que, conforme a la Regla 9.4 de Procedimiento Civil, la persona que interesara representarse por derecho propio debería cumplir con lo siguientes requisitos:

(a) que la persona no está representada por abogado o abogada;

(b) que la decisión de autorrepresentarse es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;

(c) **que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;**

(d) **que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable y;**

---

[5] Entrada Núm. 6 de SUMAC.
[6] Entrada Núm. 8 de SUMAC.

(e) **que la autorrepresentación no va a causar o contribuir a una demora indebida o una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, las partes o sus abogados o abogadas.**

De igual forma, le apercibió que, el incumplimiento con alguno de los requisitos previamente esbozados, sería causa justificada para suspender la autorrepresentación de la parte peticionaria.

En respuesta a la moción de desestimación presentada por la parte recurrida, el señor Silva Ramírez presentó la *Moci[ó]n en Contra de la Desestimaci[ó]n de la Demanda al Amparo de la Regla 6.3 (P) de Procedimiento Civil (Cosa Juzgada)*[7]. En virtud de la aludida moción, la parte peticionaria adujo que, no procedía la desestimación de la demanda al amparo de la doctrina de cosas juzgada ante la inexistencia de identidad de causas de acción.

Por otro lado, la parte recurrida presentó la *Moción Solicitando Orden Protectora Respecto a Radicación de Multiplicidad de Pleitos para Atender Cuestiones Similares de Hecho y/o Derecho*[8], donde reiteró que procedía la desestimación de la demanda.

El 6 de noviembre de 2023, la primera instancia judicial emitió una *Orden*[9] donde dispuso lo siguiente:

El 19 de octubre de 2023, el Tribunal le notificó a la parte demandante (Samuel Silva Rami) una Orden de Mostrar Causa para que expresara, en el término de 15 días, la razón por la cual el Tribunal no le debía requerir que compareciera al presente caso con representación legal. Dicho término venció sin que la parte demandante presentara su posición.

Por otro lado, de los escritos que obran en el expediente judicial se desprende que el demandante ha comparecido a varios pleitos similares con representación legal (véase los exhibits B y C de la entrada número 10 en SUMAC). Luego del Tribunal evaluar la totalidad de las circunstancias, los remedios solicitados y el no haber cumplido con la orden judicial del 19 de octubre de 2023, este Tribunal **NO autoriza** al demandante Samuel Silva Ramírez a comparecer por derecho propio y le ordena a comparecer al presente

---

[7] Entrada núm. 9 de SUMAC.
[8] Entrada núm. 10 de SUMAC.
[9] Entrada núm. 16 de SUMAC.

pleito con representación legal tal y como hizo en pleitos de similar materia.

Se le concede al demandante 15 días para conseguir representación legal y que así comparezca al caso, so pena sanciones y desestimación.
[...]

Subsiguientemente, la parte peticionaria presentó la *Moci[ó]n en Cumplimiento de Orden*[10]. A través de esta, el señor Silva Ramírez alegó que, incumplió con lo ordenado el 18 de octubre de 2023, debido a que no recibió la notificación electrónica de dicha orden. Por ello, le solicitó al foro *a quo* una prórroga para cumplir con lo ordenado.

El 8 de noviembre de 2023, el foro recurrido emitió una *Orden*[11] donde se dio por enterado, no obstante, se sostuvo en su determinación de no autorizar la representación legal por derecho propio. Lo anterior, debido a la complejidad de los remedios solicitados y a que, la parte peticionaria había comparecido a pleitos de similar materia con representación legal. A tales efectos, le concedió quince (15) días adicionales para que compareciera con representación legal.

El 22 de noviembre de 2023, la parte peticionaria presentó la *Moción en Cumplimiento de Orden y Asumiendo Representación Legal*[12], donde se solicitó que el Tribunal aceptara la representación legal del licenciado Antonio Jusino Rodríguez (en adelante, licenciado Jusino Rodríguez). Consecuentemente, el foro de primera instancia autorizó la representación legal mediante *Orden*[13] emitida el 27 de noviembre de 2023.

El 19 de diciembre de 2023, la parte peticionaria por conducto de su representación legal, presentó la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario*[14].

---

[10] Entrada núm. 18 de SUMAC.
[11] Entrada núm. 22 de SUMAC.
[12] Entrada núm. 24 de SUMAC.
[13] Entrada núm. 25 de SUMAC.
[14] Entrada núm. 27 de SUMAC.

Por medio de la anterior moción, se desistió de la causa de acción conforme a la Regla 39.2 de Procedimiento Civil por existir acuerdos previos entre las partes acogidos por el foro recurrido anteriormente.

Subsiguientemente, el 20 de diciembre de 2023, el Tribunal de Primera Instancia emitió *Sentencia[15]* donde declaró Ha Lugar la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario* y en consecuencia, ordenó el cierre y archivo del caso por desistimiento sin perjuicio.

Sin embargo, el señor Silva Ramírez presentó la *Moci[ó]n por Derecho Propio[16]*, en la cual sostuvo que la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario* presentada por el licenciado Jusino Rodríguez no fue autorizada por la parte peticionaria. Por ello, solicitó que se dejara sin efecto.

El 26 de diciembre de 2023, la parte recurrida presentó la *Moción en Torno a Moción Presentada por la Parte Demandante Reiterando su Solicitud se Deje sin Efecto la Moción de Desistimiento[17]*, donde se opuso a que se dejara sin efecto la moción de desistimiento.

El 9 de enero de 2024, la parte recurrida presentó la *Moción en Torno a Comparecencia de una Parte que Consta con Representación Legal[18]*. Por medio de esta, acotó que, no procedía que la parte peticionaria presentara mociones por derecho propio debido a que esta contaba con representación legal, que había presentado una moción desistiendo del pleito. Igualmente, le solicitó al foro primario que le ordenara a la parte peticionaria a cumplir con la *Sentencia* dictada el 20 de diciembre de 2023.

---

[15] Entrada núm. 28 de SUMAC.
[16] Entrada núm. 33 de SUMAC.
[17] Entrada núm. 37 de SUMAC.
[18] Entrada núm. 40 de SUMAC.

El 10 de enero de 2024, el foro *a quo* emitió una *Orden*[19] donde expresó que, en la entrada 16 de SUMAC no había autorizado la comparecencia por derecho propio del señor Silva Ramírez.

En igual fecha, el Tribunal de Primera Instancia emitió una *Orden*[20], donde reiteró que, no había autorizado la comparecencia por derecho propio de la parte peticionaria y que, esta debía cumplir con las órdenes judiciales.

Así las cosas, en la misma fecha, el licenciado Jusino Rodríguez presentó la *Moción de Relevo de Representación Legal*[21]. De acuerdo surge de esta, el licenciado Jusino Rodríguez alegó que, luego de asumir la representación legal de la parte peticionaria, examinó los expedientes de los casos relacionados a la causa de acción de epígrafe. Sostuvo que, en base de lo examinado, le explicó al señor Silva Ramírez de forma detallada los distintos escenarios procesales y el alcance legal de cada uno de ellos, e incluyó el desistimiento. Expresó que, posterior a ello, el señor Silva Ramírez preparó una moción de desistimiento, la cual le fue remitida al licenciado Jusino Rodríguez mediante correo electrónico el 11 de diciembre de 2023 a las 12:22:50 pm. Asimismo, manifestó que, luego de revisar y conformar la aludida moción, se la remitió a la parte peticionaria por correo electrónico previo a presentarla en SUMAC el 19 de diciembre de 2023. Acotó que, de forma inmediata el señor Silva Ramírez se había comunicado vía telefónica con este y le expresó que "le encantaba" y aprobó tal moción. Consecuentemente, el licenciado Jusino Rodríguez presentó la moción en SUMAC el 19 de diciembre de 2023. De igual manera, explicó que, el día siguiente recibió una llamada de la parte peticionaria donde le indicó que deseaba realizarle cambios a la

---

[19] Entrada núm. 42 de SUMAC.
[20] Entrada núm. 43 de SUMAC.
[21] Entrada núm. 46 de SUMAC.

moción, no obstante, el licenciado Jusino Rodríguez le notificó que, esta ya había sido presentada. A pesar de ello, sin comunicación o aviso previo, el señor Silva Ramírez presentó ante el Tribunal Supremo una queja en contra del licenciado Jusino Rodríguez y varios escritos por derecho propio donde alegó que la moción de desistimiento no contaba con su aprobación. Por motivo de lo anterior, el licenciado Jusino Rodríguez solicitó al foro primario que se le relevara de la representación legal del señor Silva Ramírez y le concediera a este último, un término de treinta (30) días para contratar nueva representación legal.

Por su parte, el señor Silva Ramírez presentó la *Moción en Solicitud de Autorizaci[ó]n*[22], en la que le solicitó al foro de primera instancia que le permitiera presentar evidencia directa sobre dolo y violación de derechos constitucionales respecto al testamento, entre otras cosas.

Para el 18 de enero de 2024, la parte peticionaria, por derecho propio, presentó una *Moci[ó]n de Reconsideraci[ó]n*[23] para que el foro *a quo* le autorizara a representarse a si mismo, y reiteró que era necesario que revocara las cartas testamentarias. Esta fue declarada No Ha Lugar mediante *Orden*[24] emitida por el foro recurrido el 6 de febrero de 2024.

El 6 de febrero de 2024, mediante *Orden*[25], relevó al licenciado Jusino Rodríguez de la representación legal del señor Silva Ramírez.

Finalmente, en igual fecha, la primera instancia judicial emitió la *Resolución*[26] cuya revisión nos ocupa. En virtud de esta, el foro de primera instancia determinó lo siguiente:

> En el caso ante nuestra consideración el Tribunal no autorizó la comparecencia por derecho propio a la parte demandante. El Tribunal emitió sentencia al amparo de la Regla 39.1 (a) de las de Procedimiento Civil, 20 de

---

[22] Entrada núm. 47 de SUMAC.
[23] Entrada núm. 48 de SUMAC.
[24] Entrada núm. 52 de SUMAC.
[25] Entrada núm. 53 de SUMAC.
[26] Entrada núm. 54 de SUMAC.

diciembre de 2023, ante la solicitud de desistimiento presentada por la representación legal de la parte demandante. La solicitud de desistimiento se presentó antes de que la parte demandada presentara su contestación a la demanda o una solicitud de sentencia sumaria. Por tal razón, cualquier asunto o remedio que la parte demandante solicite deberá plantearse en un pleito independiente.

Inconforme con tal determinación, la parte peticionaria presentó el recurso de epígrafe y esgrimió los siguientes señalamientos de error:

1. Err[ó] el Honorable TPI al someter Resoluci[ó]n el 6 de febrero de 2024, raz[ó]n de este Certiorari.

2. Se sometió Solicitud de Sentencia Sumaria el 31 de enero de 2024 y el TPI no ordena la contestación ni permite.

3. Err[ó] el Honorable TPI al no permitir al demandante representación por derecho propio.

4. Err[ó] el Honorable TPI al no considerar como cierto[s] los hechos bien alegados en la demanda.

El 7 de marzo de 2024, la parte recurrida presentó la *Moción Solicitando Prórroga.*

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020)[27]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera

---

[27] Véase también *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Jurisdicción**

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera*

*Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.,* 164 DPR 663, 674 (2005).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard,* 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* supra, pág. 4.

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard,* supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home Furniture v. Caguas Lumber Yard,* supra, pág. 107*Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero,* supra. *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Suffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[28], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe procedemos a resolver.

**III**

En su recurso, como primer señalamiento de error, la parte peticionaria arguye que el Tribunal de Primera Instancia erró al emitir la *Resolución* del 6 de febrero de 2024.

Como segundo señalamiento de error, en esencia, la parte peticionaria sostiene que, el foro *a quo* incidió al no atender la *Solicitud de Sentencia Sumaria* presentada el 31 de enero de 2024.

Por otro lado, en su tercer señalamiento de error, la parte peticionaria aduce que, la primera instancia judicial erró al no permitirle representarse por derecho propio.

Finalmente, como cuarto señalamiento de error, la parte peticionaria sostiene que, el foro primario incidió al no considerar como ciertos los hechos bien alegados en la demanda.

En primer lugar, como tribunal apelativo nos corresponde examinar si ostentamos jurisdicción para atender el recurso ante nuestra consideración. Veamos.

El 26 de septiembre de 2023, el señor Silva Ramírez presentó una demanda sobre revocación de testamento. Para el 19 de octubre de 2023, el foro de primera instancia emitió una *Orden de Mostrar Causa*, donde le ordenó al señor Silva Ramírez que, mostrara causa por la cual, no se le debía ordenar comparecer por conducto de representación legal durante los procedimientos del caso de

---

[28] 4 LPRA Ap. XXII-B, R. 83.

epígrafe, so pena de suspender su autorrepresentación. Transcurrido el término concedido sin que la parte peticionaria compareciera, el 7 de noviembre de 2023, el Tribunal de Primera Instancia emitió una *Orden*, en la cual, luego de evaluar la totalidad de las circunstancias, **no le autorizó comparecer por derecho propio y le ordenó comparecer con representación legal**. (*Énfasis suplido*)

El día siguiente, la parte peticionaria presentó la *Moci[ó]n en Cumplimiento de Orden*. Por medio de esta, sostuvo que, no pudo cumplir con el término de quince (15) días concedido en la *Orden de Mostrar Causa* debido a que no recibió la notificación electrónica de dicha orden. Sin embargo, el 9 de noviembre de 2023, mediante *Orden*, el foro *a quo* reiteró que **no le autorizaba la representación por derecho propio**, debido a la complejidad de los remedios solicitados y a que había comparecido a pleitos de similar materia con representación legal. Consecuentemente, el 22 de noviembre de 2023, la parte peticionaria presentó la *Moción en Cumplimiento de Orden y Asumiendo Representación Legal*, donde solicitó al Tribunal que aceptara la representación legal del licenciado Jusino Rodríguez. Esta fue autorizada por el foro primario mediante *Orden* emitida el 27 de noviembre de 2023.

Así las cosas, el 19 de diciembre de 2023, la parte peticionaria, por conducto de su representante legal presentó la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario*. Por medio de la misma, la parte peticionaria desistió de la causa de acción de epígrafe, conforme a la Regla 39.2 de Procedimiento Civil, debido a la existencia de acuerdos previos entre las partes, acogidos por el foro recurrido previamente.

Como consecuencia de lo anterior, el 20 de diciembre de 2023, la primera instancia judicial emitió *Sentencia,* en virtud de la cual

declaró Ha Lugar la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario*, y ordenó el cierre y archivo del caso por desistimiento sin perjuicio.

No obstante, en igual fecha, el señor Silva Ramírez presentó la *Moci[ó]n por Derecho Propio*, donde solicitó que se dejara sin efecto la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario*, porque alegadamente, esta había sido presentada por el licenciado Jusino Rodríguez sin su autorización.

Igualmente, el 21 de diciembre de 2023, la parte peticionaria presentó la *Moci[ó]n de Reconsideraci[ó]n*, en la cual volvió a solicitar que se desautorizara la *Moción en Cumplimiento de Orden, Solicitud para que Dicte Orden y Desistimiento Voluntario*, y arguyó que, "por lo especial, súbito e irregular de este proceder" actuaría por derecho propio.

Por otro lado, el 26 de diciembre de 2023, la parte recurrida presentó la *Moción en Torno a Moción Presentada por la Parte Demandante Reiterando su Solicitud se Deje sin Efecto la Moción de Desistimiento*[29], donde se opuso a que se dejara sin efecto la moción de desistimiento.   De igual forma, el 9 de enero de 2024, la parte recurrida presentó la *Moción en Torno a Comparecencia de una Parte que Consta con Representación Legal*[30].   Por medio de esta, acotó que, no procedía que la parte peticionaria presentara mociones por derecho propio debido a que esta contaba con representación legal, que había presentado una moción desistiendo del pleito. Igualmente, le solicitó al foro primario que le ordenara a la parte peticionaria a cumplir con la *Sentencia* dictada el 20 de diciembre de 2023.

El 10 de enero de 2024, el Tribunal de Primera Instancia emitió una *Orden* donde expresó que en cuanto a la solicitud de que

---

[29] Entrada núm. 37 de SUMAC.
[30] Entrada núm. 40 de SUMAC.

se declarara sin lugar las mociones por derecho propio, en la entrada SUMAC 16 el Tribunal **no autorizó la comparecencia por derecho propio** del señor Silva Ramírez. En igual fecha, emitió otra *Orden* con relación a las mociones presentadas por la parte peticionaria donde expresó que, había emitido sentencia en el caso el 20 de diciembre de 2024. Reiteró, además, que, en la entrada SUMAC 16, el Tribunal **no autorizó la comparecencia por derecho propio**. Asimismo, le apercibió que, debía cumplir con las órdenes judiciales. En esa misma fecha, el foro *a quo* también emitió otra *Orden*, en la cual expresó que se sostenía en lo resuelto en la *Sentencia*, que la parte peticionaria a ese momento **tenía representación legal en récord** y que, en la entrada SUMAC 16, el Tribunal **no autorizó la comparecencia por derecho propio**. (*Énfasis nuestro*).

Para el 10 de enero de 2024, el licenciado Jusino Rodríguez presentó la *Moción de Relevo de Representación Legal*.

El 18 de enero de 2024, el señor Silva Ramírez, por derecho propio, presentó la *Moción en Solicitud de Autorización*, donde le solicitó al foro *a quo* que le permitiera presentar evidencia en torno a sus alegaciones de la demanda. En esa misma fecha, la parte peticionaria presentó un escrito intitulado *Reconsideraci[ó]n*, donde le solicitó al foro de primera instancia que tomara conocimiento y revocara las cartas testamentarias. Esta moción fue declarada No Ha Lugar mediante *Orden*[31].

El 6 de febrero de 2024, el Tribunal de Primera Instancia relevó de la representación legal al licenciado Jusino Rodríguez. En esa fecha también emitió una *Resolución* donde reiteró que "**[e]l Tribunal no autorizó la comparecencia por derecho propio**" a la parte peticionaria. Expresó, además que, había emitido *Sentencia* al amparo de la Regla 39.1(a) de Procedimiento Civil, ante la

---

[31] Emitida el 6 de febrero de 2024.

solicitud de desistimiento presentada por la representación legal de la parte peticionaria.

Queda claro que, desde noviembre de 2023, el Tribunal de Primera Instancia no le autorizó al señor Silva Ramírez representarse por derecho propio. De esta primera determinación, la parte peticionaria no recurrió y decidió obtener la representación legal del licenciado Jusino Rodríguez. No fue hasta el 6 de febrero de 2024 que, el foro *a quo* relevó al licenciado Jusino Rodríguez de la representación legal del señor Silva Ramírez. Las múltiples mociones presentadas por la parte peticionaria por derecho propio en el periodo donde se encontró representado por el licenciado Jusino Rodríguez se tienen por no puestas, en vista de que, el foro primario no autorizó la representación por derecho propio de la parte peticionaria. Si el señor Silva Ramírez estaba inconforme con la determinación del foro de instancia emitida el 7 de noviembre de 2023, donde no se le autorizó representarse por derecho propio, este tenía disponible un término de treinta (30) días para recurrir de la misma.

En cuanto a la *Sentencia*, la parte peticionaria contaba con un término de quince (15) días para acudir ante el Tribunal de Primera Instancia mediante reconsideración, y un término de treinta (30) días para recurrir ante este foro. Sin embargo, no fue sino hasta el 21 de febrero de 2024 que la parte peticionaria acudió ante nos mediante recurso de *certiorari*.

Conforme el derecho expuesto, para que un recurso quede perfeccionado es necesaria su oportuna presentación[32]. Una de las instancias en las que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. En lo pertinente a la controversia de epígrafe, un recurso tardío adolece del grave e

---

[32] *González Pagán v. Moret Guevara*, supra, págs. 1070-1071.

insubsanable defecto de falta de jurisdicción[33]. Su presentación carece de eficacia y como consecuencia, no produce ningún efecto jurídico, ya que, no hay autoridad judicial para acogerlo[34].

Las mociones presentadas por derecho propio previo al relevo de representación legal no tuvieron efecto interruptor, en la medida en que fueron presentadas sin autorización del Tribunal.

Consecuentemente, carecemos de jurisdicción para entender en el recurso, por haber sido presentado de forma tardía.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de *certiorari* de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[35], el cual le confiere facultad a este Tribunal para a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción por tardío.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[33] *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.
[34] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, supra, pág. 4.
[35] 4 LPRA Ap. XXII-B, R. 83 (C).